IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAUSTINO CAMPECHANO RUIZ, et al.    :

                                            :

    v.    :    Civil Action No. DKC 13-3792

                                            :

MONTEREY OF LUSBY, INC., et al.    :

                                            :

**MEMORANDUM OPINION**

Presently pending and ready for review in this Fair Labor Standards Act ("FLSA") case is the motion for conditional certification of a collective action and facilitation of notice filed by Plaintiffs Faustino Campechano Ruiz and Carlos Romeo Ruiz Ruiz. (ECF No. 13). The motion is unopposed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.   Background**

Plaintiffs were employees of Defendant Monterey of Lusby d/b/a as Monterey Mexican Restaurant in Lusby, Maryland ("Monterey"). Plaintiffs also name as Defendants Luiz Rodriguez, Ronald Martinez, and Ruben Leon. Plaintiffs aver that Messers. Rodriguez, Martinez, and Leon were the owners or managers of Monterey. Mr. Campechano Ruiz alleges that he was a cook from June 2010 to June 6, 2013 who customarily worked sixty-eight (68) hours per week. For the entirety of his

employment he was paid a weekly salary, regardless of the number of hours worked.  He was not paid overtime for hours worked over forty, and from December 15, 2010 to June 1, 2012, his regular rate was less than the $7.25 per hour minimum wage.  Mr. Carlos Ruiz was a waiter who worked roughly fifty-nine (59) hours per week.  From November 1, 2012 to August 20, 2013, Defendants did not pay him any wages; he only received tips.  From August 20, 2013 to November 20, 2013, Defendants paid him $3.63 per hour for the first forty hours per week worked, but nothing for any hours worked beyond forty, including overtime.  On December 16, 2013, Plaintiffs filed a complaint against Defendants, alleging three counts: violation of the FLSA for failure to pay minimum wage, 29 U.S.C. § 206; violation of the FLSA for failure to pay overtime, *id.* § 207; and violation of the Maryland Wage and Hour Law for failure to pay minimum wage and overtime, Md. Code Ann., Lab. & Empl. § 3-413.  (ECF No. 1).  On April 11, 2014, Plaintiffs moved for conditional certification of a collective action for all individuals who worked at Monterey as a waiter or restaurant staff at any time since December 16, 2010, who have not been properly compensated for their overtime work or have not been paid a minimum wage for all hours worked.  (ECF No. 13).  They also requested facilitation of notice to potential opt-in plaintiffs.  Defendants do not oppose the motion and notice.

## II.  Analysis

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D.Md. 2008). Section 216(b) provides, in relevant part, as follows:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F.Supp.2d at 771 (*citing Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D.Md. 2000)).

When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process. *Syrja v. Westat, Inc.*, 756 F.Supp.2d 682, 686 (D.Md. 2010). In the first stage, commonly referred to as the notice stage, the court makes a "threshold determination of 'whether the plaintiffs have demonstrated that potential class members are 'similarly situated,' such that court-facilitated notice to

3

the putative class members would be appropriate.'" *Id.* (*quoting Camper*, 200 F.R.D. at 519).  In the second stage, following the close of discovery, the court conducts a "more stringent inquiry" to determine whether the plaintiffs are in fact "similarly situated," as required by Section 216(b).  *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D.Md. 2007).  At this later stage, referred to as the decertification stage, the court makes a final decision about the propriety of proceeding as a collective action.  *Syrja*, 756 F.Supp.2d at 686.  Plaintiffs here have moved for conditional certification of a collective action, and they have requested court-facilitated notice to potential opt-in plaintiffs.

"Determinations of the appropriateness of conditional collective action certification . . . are left to the court's discretion." *Syrja*, 756 F.Supp.2d at 686; *see also Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  The threshold issue in determining whether to exercise such discretion is whether Plaintiffs have demonstrated that potential opt-in plaintiffs are "similarly situated." *Camper*, 200 F.R.D. at 519 (*quoting* 29 U.S.C. § 216(b)).  "'Similarly situated' [does] not mean 'identical.'" *Bouthner v. Cleveland Constr., Inc.*, No. RDB-11-0244, 2012 WL 738578, at *4 (D.Md. Mar. 5, 2012) (*citing Hipp v.*

*Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)). Rather, a group of potential FLSA plaintiffs is "similarly situated" if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law. *Mancia v. Mayflower Textile Servs. Co.*, No. CCB-08-0273, 2008 WL 4735344, at *3 (D.Md. Oct. 14, 2008); *Quinteros*, 532 F.Supp.2d at 772. To satisfy this standard, plaintiffs generally need only make a "relatively modest factual showing" that such a common policy, scheme, or plan exists. *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D.Md. 2006).

To meet this burden and demonstrate that potential class members are "similarly situated," Plaintiffs must set forth more than "vague allegations" with "meager factual support" regarding a common policy to violate the FLSA. *D'Anna v. M/A COM, Inc.*, 903 F.Supp. 889, 894 (D.Md. 1995); *Bouthner*, 2012 WL 738578, at *4. Their evidence need not, however, enable the court to determine conclusively whether a class of "similarly situated" plaintiffs exists, *Bouthner*, 2012 WL 738578, at *4, and it need not include evidence that the company has a formal policy of refusing to pay overtime, *Quinteros*, 532 F.Supp.2d at 772. Plaintiffs may rely on "[a]ffidavits or other means," such as declarations and deposition testimony, to make the required showing. *Williams v. Long*, 585 F.Supp.2d 679, 684-

85 (D.Md. 2008); *Essame v. SSC Laurel Operating Co.*, 847 F.Supp.2d 821, 825 (D.Md. 2012).

Here, Plaintiffs have made a "modest factual showing" that they are "similarly situated" to other waiters and restaurant staff who worked at Monterey since December 16, 2010.  Each Plaintiff submitted a declaration where he attests that during the relevant period all waiters worked as tipped employees, and all other non-waiter staff earned a salary, regardless of the hours worked.  Most of the waiters and restaurant staff worked well over forty hours per week for a flat salary that was often so low they were not making the federally prescribed minimum wage.  Plaintiffs declare that they have personal knowledge that other waiters and restaurant staff have not joined this lawsuit because (1) they do not have knowledge of their FLSA rights; (2) they do not have knowledge of this lawsuit; or (3) they are afraid of retaliation from their employers if they join this lawsuit.  (ECF No. 13-1, at 17-23).  Defendants do not oppose conditional certification.  Such certification under Section 216(b) is warranted for the class of all individuals who worked at Monterey as a waiter or restaurant staff since December 16, 2010 who have not been properly compensated for their overtime work or have not been paid a minimum wage for all hours worked.

Because Plaintiffs have made a preliminary showing that waiters and restaurant staff at Monterey are "similarly

situated," notice of this action will be provided to waiters and restaurant staff who currently work, or have worked since December 16, 2010, at Monterey. Plaintiffs have submitted a proposed notice form, and Defendants have no objections. (ECF No. 15-1).

The district court has broad discretion regarding the "details" of the notice sent to potential opt-in plaintiffs. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (*citing Hoffmann-La Roche*, 493 U.S. at 171). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011) (*quoting Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 323 (S.D.N.Y. 2007)).

Plaintiffs propose that the opt-in period end July 31, 2014. Defendants do not oppose this deadline. Plaintiffs may, therefore, notify other potential plaintiffs of this action by first-class mail using the court-approved notice appended to this memorandum opinion.[1]

---

[1] Plaintiffs have also requested that the court appoint their counsel as counsel for this collective action. Defendants

**III. Conclusion**

For the foregoing reasons, the motion for conditional certification of a collective action will be granted. A separate order will follow.

                                    /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge

---

have not opposed this request.  Thus, any potential opt-in plaintiff who does not enter an appearance through his or her own counsel, or indicate a desire to represent himself or herself, will be represented by Plaintiffs' counsel.

To effectuate this notice, Defendants will be required to produce, to the extent possible, the full names and last known home addresses of potential opt-in plaintiffs within fourteen days of the issuance of the accompanying Order.  Defendants will not, however, be required to provide phone numbers for potential opt-in plaintiffs at this time because Plaintiffs have made no showing of any "special need" for the disclosure of this information.  *See Calderon*, 2011 WL 98197, at *9 ("[A]bsent a showing by plaintiffs of 'special need for disclosure of class members' telephone numbers,' ordering such disclosure is not appropriate." (*quoting Arevalo v. D.J.'s Underground*, No. DKC 09-3199, 2010 WL 4026112, at *2 (D.Md. Oct.13, 2010))).

Plaintiffs' counsel must file with the court any completed consent forms within ten (10) days of receipt.  Ten days from the July 31, 2014 deadline is August 10, 2014.  August 10 is a Sunday.  Therefore, the last day to file completed consent forms will be Monday, August 11, 2014.